# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IRAKLIS KOTZABALDIRIS and
PLEASANT STREET SATR K,
368 Pleasant Street
Belmont, MA 02478
Defendants.

FILED IN CLERKS OFFICE
2010 NOV -9 P 3: 30
U.S. DISTRICT COURT DISTRICT OF MASS.

## A M E N D M E N T
to
Answer to Case 1:10-cv-11180 /November 08, 2010

The present Amendment comprises a more detailed Statement of Defense regarding the Complaint Case 1:10-cv-11180, filed on July 14, 2010 with The Federal District Court of Massachusetts.

## PARTIES

1. Plaintiff: Chevron U.S.A. Inc. is a Pennsylvania corporation with principal place of business at 6001 Bollinger Canyon Road, San Ramon, California 94583

2. Plaintiff: Chevron Intellectual Property LLC is a Delaware limited liability company with principal Place of business at 6001 Bollinger canyon Road, San Ramon, California 93583

3. Defendant: Iraklis Kotzabaldiris owner of service station Pleasant Street Star K with place of business 368 Pleasant Street, Belmont, Massachusetts 02478

# CORE STATEMENT

## A

A1.1 We are proud to declare our appreciation to the law and pledge that our actions strictly abide to all applicable laws in their depth. Henceforth, we consider our franchise contract with Texaco to be the most important original document to which we abide. Since our contract has been signed on 12-01-1998 we take all the responsibilities mentioned in this contract regarding the objects registered prior the starting date of the contract. In the Chevron / Texaco claims we found objects that had been registered after the contract had been signed. Consequently, we strongly object to discussing any relations, circumstances and actions pertinent to those objects, registered after the contract began. **In Plaintiffs' Complaint this objects are** :

--paragraph 8 – Exhibit 7, Service Station Canopy Design, U.S. Trademark Registration N 2,259,016, registered July 6, 1999, for "gas station";

--paragraph 8 – Exhibit 8, Gasoline Pump Design, U.S. Trademark Registration N 2,251,166, registered June 8, 1999, for " gas station services"

--paragraph 8 – Exhibit 9, Building Design, U.S. Trademark Registration N 2,264,612, registered July 27, 1999, for "automobile service, station services…" ;

The Branded Sales and Security Agreement with Texaco can be seen in Exhibit # 1

A 1.2. We kindly request the Mutual Oil Wholesale ( Crescent St., Brockton, MA 02303-0250) to be invited to all court sessions, since they happened to be a party in the contract, where they carry very important responsibilities toward the de-branding agreement. ( Par. 15 A, and Par 22 C in Branded Sales Agreement from December 01, 1998 – see Exhibit # 1)

A2. Regardless the fact that according to the contract we do not have obligation towards any **future** de-branding, we diligently de-brand our station.

A3. Upon receiving the notification about the contract termination, we de-branded the station ourselves, and as a result incurred a significant business loss. We immediately **de-branded** the Illuminated Twin Pole Primary ID Sign, the Pumps and the Fascia of building. (pictures available in Exhibit # 2 A). We were **told by Texaco**, that the Circle with Star T sign Design and the letters Texaco were the only trademarks that has to disappear everywhere in the property as well all advertisement materials.

A4. We **kept removing** all other symbols, but we did them in the course of the time and our Abilities, due to:

A.2.1. Financial restrictions.
A.2.2. Time to find a contractors to do the job. (available records in Exhibit # 6 A-E).
A.2.3. Weather conditions not allowing any work.
A.2.4. Working situations, safety requirements and hours that we are open.
A.2.5. Health problems chronic and new, needing hospitalization and surgery in 2009 and worsening of the health condition in 2010. (available medical records in Exhibit # 5).

A5. We **stayed open** for Chevron/Texaco to come at any time and exercise their right ( according Branded Sales Agreement from December 01/1998 Par. 15 A and Par. 22 C available in Exhibit # 1) and to remove any symbol they consider is theirs.

A6. Chevron/Texaco makes an attempt to claim that we did not de-brand the station, while the documents issued from contractors who implemented the de-branding state clearly the dates and the work implemented. They are available in Exhibit # 6 (A-E). Also, numerous persons can testify that the Chevron's Texaco symbols were removed immediately after the contract termination July 30, 2006.
We find the untrue facts in the Complaint deeply astonishing, and we fail to understand the grounds of Chevron / Texaco claims.

## B. LAWS REFERENCED

B1. All the U.S.C. related chapters (paragraphs) e.g. $ 1114, $ 1115 etc.
B2. U. S. Patent and Trademark Office regarding the parts for Patent, Copyright and Trademark
B3. Lanham Act and the additions from 1998 and 2000

## C. ANSWERS TO "DEFENDANTS' IMPROPER CONDUCT"

18. Chevron Inc./Texaco:
"Defendants have refused to remove all the Texaco Marks at their facility"

Defendants:
On the contrary, we immediately removed the Chevron's Texaco logo Circle with a Star T sign and

words "TEXACO" from the Illuminated Twin Pole Primary ID Sign, the Pumps, the Store Fascia and anywhere in the property ( trash cans, mattes, telephone stand etc.). We immediately entered in contact with graphic designers to prepare our new symbols. This took more time because of the reasons enumerate in ( A4.)

We can prove that by the testimony of our witnesses and documents presented in Exhibit # 6 ( A-D ).

W1: Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821
W2: Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478

19. Chevron Inc./Texaco:

"Defendants are continuing to falsely operate their facility as a Texaco-branded facility and sell non-authentic gasoline falsely as a TEXACO product….."

Defendants:

This statement has no grounds because:

1. Our gas station is properly registered with the town of Belmont ( Business Certificate N 10-20, Date / August 25, 2010 see Exhibit # 3).
2. We stopped all the Texaco gas deliveries immediately after notified.
3. Since we diligently removed all the Texaco symbols, we turned into completely non-Texaco branded station.
4. Proves for our timely de-branding:

   Testimony of our witnesses:

   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821
   W2 Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478

   2. Pictures from our service station – (see Exhibit # 2 B – F)

20. Chevron Inc./Texaco:

" The Defendants have continued to display and use the exterior trade dress. ….Defendants are falsely creating the impression, through the use of Texaco Marks that their gasoline is TEXACO brand and deceiving and defrauding customers."

Defendants:

Our trade dress had been changed accordingly featuring our new Star K logo ( green word with white border over black quadrate with red star background ), our new canopy design ( 3 stripes pattern – red, green and black ), our new pump design ( bearing our logo and sign "independent" ), and our new fascia design ( red and green pattern with " Independent" Food Mart )

We can prove it by:

1. Presenting our Star K service mark with pending registration in Massachusetts, Secretary of the Commonwealth, August 10, 2010 – (Exhibit # 4).
2. Picture of our new illuminated street twin pole sign – (Exhibit # 2 B)
3. Picture of our canopy w/pumps – (Exhibit # 2 C & 2 D).
4. Picture of our fascia of the building - (all the pictures are available in Exhibit # 2 E & 2F).

21. Chevron Inc./Texaco:

"Defendants are not licensed …….to use or display the TEXACO name or mark, the Star T Design mark, Chevron's distinctive trade dress……such as to suggest an affiliation, sponsorship, license, connection or association with Chevron."

Defendants:

We stopped using the Chevron/Texaco symbols immediately after we had been notified about the termination of the Branded Sales Agreement with Texaco.

Here is shown our actual outlook:

1.Picture of our new Illuminated Street Twin Pole Sign.

2. Picture of our canopy w/pumps.
3. Picture of our building with Food Mart Store and Garage . ( all the pictures of the station are available in Exhibit # 2 B - F )

Proves for our timely de- branding are also our witnesses:
W1. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
W2. Paul Haley – 137 Claflin St., Belmont, MA 02478.

We ask Plaintiffs to present legitimate proves and documents to the Honorable Court in connection with the accusations. If prove is not provided we are accepting this vicious allegations with intent to hurt our name of honest and reliable business and we will submit a claim in our counterclaim.

22. Chevron Inc./Texaco:
"Defendants' past and continuing unauthorized use of Chevron's Texaco Marks is likely to cause confusion, mistake, and/or deceive customers and potential customers…"

Defendants:
We removed diligently all the Texaco/Chevron inherited symbols, and this way there was no ground to mislead anyone. Moreover, Chevron/Texaco left the big geographic area from Canada to Mississippi River long ago. Also Texaco left all owned service stations to Shell in this area. There is no Texaco gasoline or refineries in this area. There is no advertisement for Texaco products. Texaco credit cards were replaced with Shell credit cards with explanation to the customers that there is no more Texaco after June 30, 2006. All this facts are making Chevron's statement astonishing and unbelievable.

We can prove our timely de- branding with:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures are available in the Exhibit # 2 B – F.

23. Chevron Inc./Texaco:
"Defendants' unauthorized use of Chevron's Texaco Marks suggests to the purchasing public that Defendants, their product and services originate with Chevron,…….."

Defendants:
Since we never used the Chevron / Texaco symbols after the contract termination, there was no way to attract the customers using somebody's else symbols. It is difficult for the consumer and requires a special effort and intentional thinking, to make connection with name of company not present in the area from a long time and replaced by Shell as owner of previous Texaco station and Texaco credit cards. If there is nowhere to be found to exist Texaco goods and services in the whole big area of New England from a long time, and if there is no Chevron/Texaco symbols in our station, for what kind of "expectation" and "suggestion of origin to the purchasing public" Chevron is accusing us?

We can prove our diligent de-branding with:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
3. Pictures are available in Exhibit # 2 B - F. They are proving that our services has nothing to do and can not be associate with Chevron / Texaco.

24. Chevron Inc./Texaco:
"Defendants' unauthorized use of Chevron's Texaco Marks falsely designates the origin of Defendants' product and services......"

Defendants:
This statement is repeating the statement in the previous paragraph 23. It has no grounds because we do not have Texaco marks in our station. According to our contract obligations, we removed urgently all the Texaco/Chevron symbols. There was no object existing that may deceive any of our customers.

We can prove it by:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures are available in the Exhibit # 2 B - F.

25. Chevron Inc./Texaco:
"Defendants' unauthorized use of Chevron's Texaco Marks enables the Defendants to call attention to their business and products and services...and receive the benefit of the good will build up...by Chevron ....and gain acceptance for their product and services not on their merits....."

Defendants:
After Texaco left the region from Canada to Mississippi River we uninstalled all Chevron / Texaco marks, which prevent our customers from being falsely convinced to buy our products thought to be Texaco products. Additionally, we challenge the Plaintiffs to show the Honorable Court any legitimate financial documents that constitute a proof of capitals gain achieved by improper marks and symbols usage, in this case.

We can prove our statements with:

1. Testimony by our witnesses:
   W1. Laurel Reveley – 12 Lakeview Dr.., Billerica, MA 01821.
   W2. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures are available in Exhibit # 2 B – F.

26. Chevron Inc./Texaco
"Defendants are being unjustly enriched at expense of Chevron's licenses .......unauthorized use of Chevron's Texaco Marks"

Defendants:
We strongly request the Plaintiff to show to the Honorable Court any legitimate financial documents that constitute a proof of capital gains achieved by improper marks and symbol usage in this case to support their allegation. If that can not be done, immediately we classify that action as a hostile claim that has to be paid for, and we will include this claim to our counterclaim list.

As it is obvious from numerous evidences shown here, no Texaco symbols were used after we stopped doing business together.

We can prove this statement:

1. Witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St. Belmont, MA 02478.
2. Pictures shown in Exhibit #2 B – F showing that we do not have any Chevron/ Texaco marks.

27. Chevron Inc./Texaco
"Defendants unauthorized use of Chevron's Texaco Marks place the valuable reputation goodwill of Chevron's trademarks in the hands of the Defendants."

Defendants:
Since we never used the Texaco marks after the contract termination, and having put into account that Texaco was not anymore in operation in the region from Canada to Mississippi River, we deeply don't understand how we can ruin the reputation of non-existing in the state party.

We can prove our unconditional de-branding:
1. By Testimony of our witnesses:
   W1. Mrs.Laurel Reveley – 12 Belview Rd.., Billerica, MA 01821.
   W2 Mr.Paul Haley – 137 Claflin St., Belmont, MA 02478.
2.Pictures are available in Exhibit # 2 B – F.

28. Chevron Inc./ Texaco:
"Defendants ongoing unauthorized use of Chevron's Texaco Marks as still in use and prominently displayed at a non licensed facility.......falsely promoting that facility ...as still being affiliated with Chevron.....damaging Chevron's good will....by falsely associating Chevron with unlicensed facility.

Defendants:
This allegations are baseless. We do not have any of Chevron's Texaco Marks. The categorization "unauthorized use" is false. We can not "prominently display" something that we do not have. This statement is false too. Not having any symbol of Texaco, we can not promote association with Chevron, that is nowhere to be found in the region. This statement is not true either.

We can prove our de-branding by:
1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. The pictures of the service station are available in Exhibit # 2 B – F.

29. Chevron Inc./Texaco:
"Unless this Court restrains these acts of Defendants, they will continue to cause irreparable injury Chevron and to the public, for which there is no remedy at law."

Defendants:
We can not keep doing something that we have never started.

## ANSWERS TO THE COUNTS

COUNT #1

30. Chevron Inc./ Texaco:
"Chevron repeats, reiterates, and re-alleges paragraphs 1 trough 29 ...as if fully set forth ..."

Defendants:
Paragraphs 1 – 24 are statements from Chevron's business, and we have nothing to do with them. Paragraphs 24- 29 do not withstand the strength of our witnesses and evidences.

We can prove our timely and unconditional de-branding:

1. Testimony of our witnesses
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures showing the outlook of our station are available in Exhibit # 2 B – F.

31. Chevron Inc./Texaco:
" Defendants are marketing, offering for sale, and selling into interstate commerce gasoline and related gas station services and other automotive –related services in association with unauthorized use of Chevron's Texaco Marks"

Defendants:
The above allegation has no grounds at all, since we never used non-authorized marks, we never sold illegal products, and we never had any interstate activity. We are a small gas station in the small town of Belmont.
We can prove our diligently de-branding after the contract termination with:

1. Testimony of our witnesses
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures showing our totally different from Texaco outlook in Exhibit # 2 B – F.

32. Chevron Inc./ Texaco:
" Defendant have infringed and continue to infringe Chevron's federally registered Texaco Marks under section 32 Lanham Act, 15 U.S.C. $ 1114"

Defendants:
No such marks exist on the territory of our gas station. Our gas station has totally different outlook from Chevron' Texaco symbols. Moreover, Chevron/Texaco operation is nowhere to be found in the whole region from Canada to Mississippi River from a long time.

We can prove our diligent de-branding and our new outlook with:

1. Testimony of our witnesses
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures of the premises available in Exhibit # 2 B – F.

This allegation implies a deep misunderstanding of Patent Law. Neither the Trademark Law (goods and services), nor the Lanham Law (trade dress) states that generic entities e.g. colors, geometrical shapes/figures, geographic names etc. can be registered and protected in anybody's favor.

33. Chevron Inc./ Texaco:
" The use and display…….Chevron's Texaco Marks…..have caused and continue to cause serious and irreparable injury to the reputation and goodwill of Chevron for which Chevron is without adequate remedy at law."

Defendants:
This statement has no grounds since we diligently de-branded the station after termination of the contract.

Our proves for timely and unconditionally de-branding are:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr.Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures of the station – Exhibit #2 B – F.

We require the plaintiffs to explain the injuries caused especially by our station.
We keep the Plaintiff responsible for this hostile allegation unless they can prove it. If not, we will insist on financial compensation for the injury of our name as a honest and reliable business.

34. Chevron Inc./Texaco:
"Because of Defendants infringement, Chevron has been injured and damaged, and is entitled to recover damages......15 U.S.C. $ 1117"

Defendant:
We have never infringed anybody's intellectual property, and we again strongly demand a legitimate proof of the above alleged damages. Chevron/Texaco operations are from a long time out of the region. There is no Chevron/Texaco advertisement or goods and services. There is no Chevron/Texaco credit card network around. We have distinctively different outlook from Texaco.
If the accusation here can not be proven, we immediately insist on compensation in our counterclaim.

35. Chevron Inc./Texaco:
"…..using and displaying Chevron's Texaco Marks….with full knowledge of Chevron's rights……in bad faith with willful and deliberate intent to trade on Chevron's.. recognition…….In view of the willful nature of Defendant's infringement 15 U.S.C. $ 1117 (a)

Defendants:
This statement is offensive and untrue. We do not have Chevron/Texaco Marks in our facility. We have distinctively different outlook from Texaco with our new design pattern.
Our proves for immediate de-branding are:

1. Testimony by our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr. , Billerica, MA 01821.
   W2. Mr. Paul Haley - 137 Claflin St., Belmont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

This is vicious allegation toward our business name and our integrity. Without legitimate prove we will insist on compensation in our counterclaim.

COUNT #2

36. Chevron Inc./Texaco:
" Chevron repeats paragraphs 1 trough 35 as if fully set forth herein."

Defendants:
Paragraphs 1 – 17 are statements from Chevron's business, and we have no idea the Plaintiff's expectations to get answers to them.
Paragraphs 18 - 29 do not withstand the strength of our witnesses and evidences:

1. Witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
3. Pictures of the station available in Exhibit # 2 B – F.

The person who created this document is highly advised to recall that there is a Count #1 that stretch over the paragraphs 30 – 35.

37. Chevron Inc. / Texaco:
" Defendants are marketing, offering for sale, and selling into interstate commerce gasoline…related gas station services…auto-motive related services and products…..in association with unauthorized use of Chevron's Texaco Marks."

Defendants:
We repeat again and over again that we do not utilize Chevron's Texaco Marks in our facility, therefore we can not practice "unauthorized use". Additionally, the Plaintiffs accuse us of some "interstate sales". We strongly demand a proof for this allegation, otherwise we require a compensation as per the defined below counterclaim.

We diligently de-branded our station after the contract termination.
We can proof our timely de-branding with:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 lakeview Dr., Billerica, MA 01821.
   W2. Mr.Paul Haley – 137 Clafli St., Belmont, MA 2478.
2. Pictures from the facility available in Exhibit # 2 B – F.

38. Chevron Inc./ Texaco:
" Such activity of Defendants misrepresent the nature, characteristics or qualities of Defendants goods or services…..false designation of origin….false or misleading description or representation of facts, each of which is likely to cause confusion, mistake, or deception among consumers…that he Defendant's business is licensed, sponsored, approved …to use Chevron's TEXACO, Star T Design, and or trade dress marks, when in fact the Defendant have no authorization….and do not supply, sell or dispense Chevron product.

Defendants:
We did not exhibit any Chevron / Texaco symbols since the contract termination. We have totally different outlook from Texaco trade dress. Chevron /Texaco operation is nowhere to found in the whole region from a long time. It is astonishing that Chevron is connecting the customers of New England area with his operations, when the markets are so far away of each other and also there is no Chevron/Texaco advertisement around.

We strongly require Plaintiffs to prove the above numerous allegations.

39. Chevron Inc./Texaco:
" The conduct of Defendants constitutes unfair competition, false advertising, false designation of origin, false representation of Defendant's facility and product …all in violation of Section 43 (a) of Lanham Act, 15 U.S.C. $1125 (a) "

Defendants:
As we know, the Lanham Act constitutes and explains basically the term "trade dress". We observed thoroughly the registered trade dress provided by Plaintiffs, and concluded that neither one had been met on our station after the contract termination. That is why the multiple allegations in this paragraph are baseless and constitute a deliberate attempt to misrepresent the facts and to destroy our name of honest and reliable business.
Moreover, our conduct can not "constitute unfair competition", " false advertising", false designation of origin" with non existent operation of a business in the region.

Our Proof:

1. Copies of Plaintiff's Trade Dress registrations – see Plaintiffs' Paragraph 8- Exhibit 7-9.
2. Pictures of our station available in Exhibit # 2 B – F.

40. Chevron Inc./Texaco:
"........Chevron has lost sales and profits and has suffered.....irreparable injury to its business reputation and good will...."

Defendants:
This statement has to be proven by legitimate financial audit completed by a certified auditor. Of course, we expect to see how our station contributed to those injuries.

41. Chevron Inc./Texaco:
" By reason of Defendant's acts of unfair competition, false designation, description and representation described above, .... Chevron has suffer, substantial damage to its business reputation...as well as diversion of trade and lost profit......"

Defendants:
It is astonishing that the baseless allegations from Paragraph 39 are used as base for new allegation here. This statement has to be proven by legitimate financial audit completed by certified auditor. Of course, we expect to see how our situation contributed to those injuries. Additionally, we insist on compensation for the hostile statement that makes an attempt to predict our behavior as a violent one.

42. Chevron Inc./Texaco:
".........Defendant continue to commit such acts, and unless restrained and enjoined, will continue to do so, to Chevron's irreparable injury...Chevron's remedy at law is not adequate"

Defendants:
This allegation has completely no grounds.

Our proof:

1. Pictures of the station available in Exhibit # 2 B – F.

43. Chevron Inc./Texaco:
" Because of Defendants conduct and violation of section 43 (a), Chevron is being injured and damaged, and is entitled to recover damages, Defendants' profits, and coast pursuant 15 U.S.C. $ 1117

Defendants:
Chevron / Texaco have to prove the above statements. There was no violent conduct from our side, and no subject has been used to harm Chevron / Texaco.

44. Chevron Inc./Texaco:
" ....used and using Chevron Trade Marks....full knowledge of Chevron's rights...in bad fait with willful and deliberate intent to trade on Chevron's recognition....willful nature of Defendants' infringement and unfair competition,.....15 U.S.C.$ 1117 (a)

Defendants:
We never used the Chevron / Texaco symbols since the contract termination. Hence, no infringements, unfair competition, etc. existed.

Our proof:

1. Testimony of the witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin Dr., Belmont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

COUNT #3

45. Chevron Inc./Texaco:
" Chevron repeat paragraphs from 1 trough 44...."

Defendants:
Paragraphs 1 – 17 are statements from Chevron's business, and we have nothing to do with them Paragraphs 18- 29 do not withstand the strength of our witnesses and evidences.

1. Witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
3. Pictures of the station available in Exhibit # 2 B – F.

The person who created this document is highly advised to recall that there are Count #1 and Count #2 that stretch over the paragraphs 30 – 44.

46. Chevron Inc./Texaco:
" Defendants are supplying, marketing, offering for sale, and selling into interstate commerce gasoline service station .........Defendant's building and/or overall facility has an exterior trade dress which is confusingly similar to the distinctive exterior trade dress used by Chevron's......covered by one or more of Chevron's trade dress marks."

Defendants:
As we know, the Lanham Act constitutes and explains basically the term "trade dress". We observed thoroughly the registered trade dress provided by Plaintiffs, and concluded that neither one had been met on our station after the contract termination. We are deeply astonished by the Plaintiffs' qualification such as "confusingly similar", when our outlook is so distinctively different.
We have created our new outlook, eventhogh we do not have responsibility for de- branding the later registered Texaco trade dress, in our contractual agreement from 1998 with Texaco.

We can prove that there is no grounds for the allegations in paragraph 46 looking at :

1. Copies of Plaintiff's Trade Dress registrations – see Plaintiffs' paragraph 8, Exhibit 7-9, Registered 1999.
2. Pictures of our station - see Exhibit # 2 B – F.

Additionally, the Plaintiff accuses us again of some "interstate sales". We strongly demand a proof for this allegation, otherwise we require a compensation as per defined below counterclaim.

47. Chevron Inc./Texaco:
" Defendant's use of an exterior trade dress similar to the distinctive trade dress used by Chevron's....is likely to cause confusion, mistake, or deception among consumers.....consumers to mistakenly believe that Defendant's property is.......licensed....associated with Chevron."

Defendants:
This statement has no grounds. We de-branded diligently the station after the contract termination. We do not have any of the Plaintiff's trade dress on our property. Moreover,

our new graphic outlook constitutes a brand new design that is well distinguishable from the Texaco/Chevron design. Eventhought, our contract from 1998 did not require us to de- brand Chevron/Texaco trade dress, we did it to protect our customers from confusion and mistake.

We can prove our statement with:

1. Pictures of the property in Exhibit # 2 B – F.
2. Pictures from Plaintiff's trade dress – Plaintiff's Exhibit 7-8-9, Registered 1999.
3. Branded Sales Agreement with Texaco, December 01, 1998. See Exhibit # 1.

48. Chevron Inc./Texaco:
" The conduct of Defendant constitute trade dress infringement, false designation of origin, unfair competition and false representation that Defendant's services an product....sponsored by Chevron"

Defendants:
The above allegation is a conjunction of 4 statements. Because there is no trade dress infringement, as obvious from our new station outlook, we demand an explanation of the terms "false designation, unfair competition and false representation." Chevron/Texaco business operation is nowhere to be found from Canada to Mississippi River and their allegations of infringement create amazement and astonishment. We are very curious why Chevron never came to exchange any part of the trade dress if was feeling so strongly about it, since we were open all the time for them?

We can prove that Plaintiffs' statement does not have grounds by comparing:

1. Plaintiffs Exhibit # 7- # 8- # 9 – trade dress, Registered 1999
2. Pictures of our station showing our distinctively different outlook – Exhibit # 2 B-F.
3. Branded Sales Agreement, page 1, signed December 01, 1998. See Exhibit # 1.

We are deeply hurt from this vicious allegations without grounds and insist on adequate compensation for the false representation.

49. Chevron Inc./Texaco:
" As a result of Defendant's activities, Chevron has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. Chevron's remedy at law is not adequate to compensate it for injuries inflicted and threatened by Defendant"

Defendants:
We strongly require a certified assessor-prepared legitimate records that show our alleged share in Plaintiff's losses. It is amazing how Chevrons' non existent business in New England area and totally separated markets ( Chevrons' and ours ) can claim losses and injuries from us.

Additionally, we insist on compensation for the hostile statement that makes an attempt to predict our behavior as a violent one.

50. Chevron Inc./Texaco:
" By reason of Defendants' acts of false designation, description, and representation described above, Chevron has suffered, and will continue to suffer,.....damage to its business reputation and good will, as well as diversion of trade and loss of profits in amount not yet fully ascertained."

Defendants:
This statement has no grounds since it doesn't define the subject that caused the alleged damages. Also, we insist Plaintiffs to prove this statement to the Honorable Court with legitimate financial audit, completed by a certified auditor. Of course we expect to see how

our station contributes to those injuries, without having common markets in totally separated geographical areas.

Our proof of distinctive outlook :

1. Pictures of the station available in Exhibit # 2 B – F.

51. Chevron Inc./Texaco:

" Defendants' acts of infringements, unfair competition, and false representation have caused Chevron's irreparable injury. Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so……"

Defendants:

We never infringed any intellectual property of Plaintiffs. With that said, allegations such as "unfair competition" and "false designation" need desperately a proof.

52. Chevron Inc./Texaco:

" Because of Defendants' conduct in violation of Section 43 (a), Chevron has been injured and damaged, and is entitled to recover damages, Defendants' profit, and coast pursuant to 15 U.S.C. $ 1117."

Defendants:

Chevron/Texaco has to prove the above statement. There was no violent conduct from our side, And no subject has been used to harm Chevron/ Texaco.

53. Chevron Inc./ Texaco:

" Defendants are using Chevron's distinctive exterior trade dress with full knowledge of Chevron's rights, and in bad faith with willful and deliberate intent to trade on Chevron's recognition……In view of the willful nature of Defendant's infringement and unfair competition, this is an exceptional case….15 U.S.C. $ 1117 (a)."

Defendants:

This statement has no grounds since the Defendants never utilized any Plaintiff's symbols after the contract termination. All the remaining statements do not sound seriously, and we demand a strong proof for them or fully corresponding compensation.

<u>COUNT #4</u>

54. Chevron Inc./Texaco:

" Chevron repeats, reiterates, and realleges paragraphs 1 through 53."

Defendants:

We are not discussing the par. 54 finding it to be far away of the elementary logic.

55. Chevron Inc./Texaco:

"…..As a result of foregoing, Chevron's TEXACO and Star T Design are famous."

Defendants:

We can add that eventhough Chevron's TEXACO and Circle with Star T sign Design are claimed as famous, Texaco lost all the service stations in the area giving it to Shell in 2006. Also Chevron/Texaco pulled their operations out of a big area from Canada to Mississippi River and is no longer advertising there. Chevron/Texaco does not have refineries, goods and services in this whole area. It is evident that Chevron's use of TEXACO and STAR T Design is shrinking

not expending. All this is in contradiction with the statement in this paragraph 55.

56. Chevron Inc./Texaco:
" Chevron's TEXACO and Star T Design marks became famous long before Defendants' first unauthorized use and display of Chevron's TEXACO and Star T Design marks in 2006."

Defendants:
We have never used any Texaco/Chevron symbols since the contract termination (June 30, 2006). We have never practice "unauthorized use" of something that we do not have in the station. We de-brand immediately the station after the termination of Texaco contract in June 30, 2006.

We can prove our timely de-branding with:

1. Witnesses
   W1. Mrs. Larel Reveley – 12 Lakeview Rd., Billerica, MA 01821.
   W2. Mr. Paul Haley - 137 Claflin St., Be,mont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

57. Chevron Inc./Texaco:
" Defendants' unauthorized use of Chevron's TEXACO and Star T Design marks, without license....has blurred and is likely to continue to blur ....the quality of Chevron's TEXACO and Star T Design marks."

Defendants:
We have never used any Texaco/Chevron symbols since the contract termination.
Additionally, we do not have a common location where we conduct our business together with Texaco/Chevron. There is no grounds for this allegation. Plaintiffs has to prove their allegations.

58. Chevron Inc./Texaco:
" Defendants' unauthorized use of Chevron's TEXACO and Star T Design marks, in connection with goods and services of lower quality.......has tarnished and likely to continue to tarnish the distinctive quality of Chevron's TEXACO and Star T Design marks."

Defendants:
We have never used any Texaco/Chevron symbols since the contract termination (June 30, 2006 ). We uninstall all Texaco symbols diligently. There is no grounds for "unauthorized use" since there is no subject in the station. All the remaining allegations in the paragraph have no grounds too. The use of Chevron's Texaco marks is becoming smaller parallel with the disappearing of Chevron/Texaco operation and the advertisement from Canada to Mississippi River.
We can prove our timely and unconditional de- branding:

1. Testimony of our witnesses
   W1. Mrs. Larel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley - 137 Claflin St., Belmont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

59. Chevron Inc./ Texaco:
" Defendants' use of the TEXACO and Star T Design trademarks, without license or permission from Chevron, has caused dilution of Chevron's TEXACO and Star T Design marks and I likely to continue to cause dilution ........pursuant 15 U.S.C. $ 11125 ( c )."

Defendants:
We have never used any Texaco/Chevron symbols since the contract termination (June 30,

2006 ). Our service sign Star K is distinctively different from Circle with Star T sign Design. We have different combinations of colors and the words are pointing our name "Kotzabaldiris." All the following allegations have to be proven, otherwise we demand a compensation.

We can prove our timely and unconditional de-branding with:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures of our station available in Exhibit # 2 B – F.

60. Chevron Inc./Texaco:
' Defendants' delusion of Chevron's trademarks has been willful and has caused and will continue to cause serious and irreparable injury .........for which Chevron is without adequate remedy at law."

Defendants:
We have never used any Texaco/Chevron symbols since the contract termination (June 30, 2006 ). The allegation of "delusion of Chevron's trademarks" has no grounds because we do not have an object in our station. We have our service mark, very distinctive from Texaco mark and outlook with very different color design.

This statement has to be proven by legitimate financial audit completed by certified auditor. Of course we expect to see how our station contribute to those injuries.

We are deeply hurt by the qualification "willful" so we insist on immediate proof, or a fully corresponding compensation.

<u>COUNT #5</u>

61. Chevron Inc./Texaco
" Chevron repeats, reiterates, and re-alleges paragraph 1 trough 60..."

Defendants:
Paragraphs 1 – 17 are statements from Chevron's business, and we have nothing to do with them
Paragraphs 18- 29 do not withstand the strength of our witnesses and evidences.
The person who created this document is highly advised to recall that there are Count #1 and Count #2 and Count #3 and Count # 4 that stretch over the paragraphs 30 – 60

62. Chevron Inc./Texaco:
" Defendants' are infringing Chevron's trademarks through their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of TEXACO and Star T Design marks, ad /or other Texaco Marks, in connection of sale, ...marketing, distribution or advertising of gas station services.....with such use likely to cause confusion, .....mistake....deceive the public."

Defendants:
Since we de-branded the station diligently, there is no ground for raising accusations such as infringement. The accompanying allegations: "counterfeit", "reproduction", and "imitation" have to be proven now.

63. Chevron Inc./Texaco:
" Defendants are intentionally using the TEXACO and Star T Design marks, and/or other Texaco marks, knowing that the marks are counterfeit. Defendants are intentionally infringing upon Chevron's trademark rights in order to further their own business enterprise."

Defendants:
We can not use something that we do not have. We have never use "counterfeit" of anybody's marks. Our outlook is totally different design in shape and colors from Chevron's Texaco marks. We have never infringed anybody's trademarks.

Our proof is in the comparison between:

1. Copies of Plaintiffs' Trade Dress Registrations and Circle Star T sign design registration, and TEXACO words design registration in Plaintiffs' Complaint, paragraph 8, Exhib.7-9.
2. Pictures of the station showing our outlook and our logo are available in Exhibit # 2 B-F.

The accompanying allegations "counterfeit" and "intentionally using" have to be proven now. Additionally, we insist on compensation for the hostile statement that makes attempt to hurt our business name and our integrity.

64. Chevron Inc./Texaco:
" Because of Defendants' intentional use of counterfeit marks, Chevron is being injured and damaged, and entitled to recover coast, treble damages or profits, whichever is greater, and reasonable attorney's fees under 15 U.S.C. $ 1117 ( b)."

Defendants:
This statement does not have ground since we d not have Chevron/Texaco mark since 2006. We have never used any "counterfeit marks", and we have never been guided by any bad intentions. We again strongly demand a legitimate proof of the above alleged damages.

We are deeply hurt by the qualification "intentional use" so if the accusations here can not be proven, we immediately insist on compensation in our counterclaim.

65. Chevron inc./Texaco:
" The counterfeiting by Defendants of Chevron's trademarks has caused and will continue to cause .....injury to reputation and goodwill .....for which Chevron is without adequate remedy at law."

Defendants:
Since we have never used Chevron's Texaco symbols after the contract termination, the allegations in this paragraph has completely no grounds.
Our proves for timely and unconditionally de-branding are:

1. Testimony of our witnesses:
   W1. Mrs. Laurel Reveley – 12 Lakeview Dr., Billerica, MA 01821.
   W2. Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

We require Plaintiffs to explain the injury caused especially by our business.
We keep the Plaintiffs responsible for the hostile allegation unless they can prove it.
If not, we will insist on financial compensation for injury of our name as honest and reliable business.

COUNT #6

66. Chevron Inc./Texaco:
" Chevron repeats, reiterates, and realleges, paragraphs 1 through 65......"

Defendants:
We are not discussing the par.66 finding it to be far away of the elementary logic.

67. Chevron Inc./Texaco:
" The acts and conduct of Defendants ...are likely to cause confusion in the trade as to the source of Defendants' goods and services and are likely to lead the public to mistakenly believe that the Defendants are in some ways connected with Chevron"

Defendants:
Since we do not exhibit Chevron/Texaco symbols after the contract termination, there is no ground to mislead anyone. Moreover, we continued to create our individualized outlook to prevent our customers from being falsely convinced to buy products thought to be Texaco products.

Our proof:
1. Witnesses
   W1. Mrs. Laurel Reveley - 12 Lakeview Dr.., Billerica, MA 01821.
   W2 Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478.
2. Pictures of the station available in Exhibit # 2 B – F.

We strongly require the Plaintiffs to present immediate proof for the above allegations or fully corresponding compensation.

68. Chevron Inc./Texaco:
" Defendants' actions constitute intentional and willful unfair competition and palming off pursuant to common law of Massachusetts."

Defendants:
This statement is offensive and untrue. The allegations does not have ground since the subject causing the alleged "unfair competition" is not defined. We have never been guided by any bad intentions. We have never had violent behavior.

We strongly request Plaintiffs to prove their allegations or we will make a claim in our counterclaim.

69. Chevron Inc./Texaco
" The intentional an willful unfair competition and palming off by Defendants have caused and will continue to cause serious and irreparable injury….."

Defendants:
We strongly require a certified assessor - prepared legitimate records that show our alleged share in their losses. Additionally, we insist on compensation for the hostile statement that makes an attempt to predict our behavior as a violent one.

70. Chevron Inc./Texaco
" …..result of the Defendants' unfair competitive acts, Chevron has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, coast, and reasonable attorneys' fees."

Defendants:
Since we do not have any of Chevron/Texaco marks in our station after the contract termination, there is no grounds for the allegations " unfair competitive acts".
This statement has to be proven by legitimate financial audit completed by certified auditor to determine the damages and injuries, and our contribution to those injuries.

COUNT #7

71. Chevron Inc./Texaco:
" Chevron repeats, reiterates, and realleges paragraph 1 through 70 ...."

Defendants:
We are not discussing the par.66 finding it to be far away of the elementary logic.

72. Chevron Inc./Texaco:
"....including Defendants' infringement of Chevron trademarks with intent to deceive and defraud the public into mistakenly believing that Defendants' gas station and related automotive services ......were established by.........Chevron, constitute unfair methods of competition in commerce, and unfair or deceptive acts....in violation of Mass. Gen. Laws ch.93A Par.2 "

Defendants:
We can not infringe Chevron/Texaco marks since we de-brand the station immediately after the contract termination and we do not have any of them. The allegations "intent to deceive", "defraud" and "unfair methods of competition" are without ground.

We can prove our timely de-branding:

1. Witnesses:
   W1 Mrs Laurel Reveley – 12 Lakeview Drive, Billerica, MA 01821.
   W2 Mr. Paul Haley – 137 Claflin St., Belmont, MA 02478
2. Pictures from our station available in Exhibit # 2 B- F.

We are deeply hurt from this vicious allegations without grounds and we insist on adequate compensation for the false representation.

73. Chevron Inc./Texaco:
' As a direct and proximate result of Defendants' actions, Chevron has been injured and damaged, and is entitled to injunctive relief and to recover treble damages, coast and reasonable attorneys' fees."

Defendants:
This allegations do not have ground because there is no defined subject causing the alleged damage and injury.

We strongly require a certified assessor – prepared legitimate records that show our alleged share in Plaintiffs' losses.

COUNT #8

74. Chevron Inc./Texaco:
" Chevron repeats, reiterates, and realleges paragraph 1 through 73 ..."

Defendants:
We are not discussing the par. 74 finding it to be far away of the elementary logic.

75. Chevron Inc./Texaco:
" The acts of Defendants ....constitute unjust enrichment of Defendants at the expense of Chevron. WHEREFORE, Chevron prays for the following relief:

a/ That this court grant permanent injunction pursuant…15 U.S.C. $ 1116
b/ …c/ …d/ …e/….f/….g/….h/….i/

Defendants:
We strongly request the Plaintiffs to show to the Honorable Court any legitimate financial documents that constitute a proof of capital gains achieved by improper marks and symbol usage in this case, to support their allegation. If that can not be done, immediately we classify that action as a hostile claim that had to be paid for, and we include this claim to our counterclaim list.

## COUNTER CLAIM

Our health and business suffered substential losses as a result of Chevron's hostile actions as follows:

1. More than a year and a half Chevron kept threatening us hardly, and as a result of that so long psychological and emotional distress, I was diagnosed with a cancer and had to undergo a surgery. Medical records are available in Exhibit # 3.

   For this major disaster I ask for $ 100,00 compensation.

2. The volume of our sales since 2007 has been lowered with $ 40,000. This fact is proven by our Tax Return Forms attached in Exhibit # 7 A-B.

   We insist on compensation in amount of $ 40,000.

3. As a direct consequence of Chevron's continuous attacks, we were enforced to deal with many Law- related matters, which took us significantly aside from our business conduct and quality of Services that we deliver to our customers.
   As a result, we:
   a/ reduced our working time because of the law procedures investigations.
   b/ spend an enormous additional amount of computer time towards legal research.
   c/ reduced the quality of customer services based on frequent interruptions e.g. for telephone calls.

   We claimdamages in amount of $ 5,000.

4. The de-branding expenses that we incurred while we were not responsible for them ( according to The Branded Sales Agreement from December 01/ 1998, Par.15 A and Par. 22 C.
   The summary of expenses is shown in Exhibit # 6 D-E.

   We ask for $ 3,000 compensation.

5. As a remedy for all the Chevron's not proven accusations that polluded our good name , we ask for $ 20,000 compensation.

6. Paid fee to attorney - $ 175.00.

7. For suppplemental law consultations, miscellaneous law services ( telephone,transportation etc.) we ask for $500.

8. Technical processing time - 300hors. We estimate our labor $ 50/hr. for such a convoluted matter.

   We ask for $ 15,000 compensation.

We highly expect the Honorable Court to arrange for full reimbursement.

# CONCLUSION

Plaintiffs' Complaint contain many allegations with no ground. Based on the real facts and evidences we consider the Plaintiffs Complaint completely inconsistent. We ask the Honorable Court to declare Chevron's Complaint unreasonable.

We ask the Honorable Court to make a decision in favor of our demand for compensation as per counterclaim. We hope the fair decision will be taken as soon as possible.